UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GENI ALEXANDER GUERRERO NIETO,

     Petitioner,

v.

KEVIN RAYCRAFT et al.,

     Respondents.

_____/

Case No. 1:26-cv-994

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

I.  **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6.) In an order entered on April 7, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the March 13, 2026 bond hearing on April 10, 2026, (Resp., ECF No. 5; Recording of March 13, 2026 Bond Hearing, filed on Apr. 10, 2026), and Petitioner filed his reply later the same day, (ECF No. 6).

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Pet., ECF No. 1, PageID.3.) On January 11, 2026, Petitioner was arrested by ICE. (*Id.*)

On February 5, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Guerrero Nieto v. Raycraft* (*Guerrero Nieto I*), No. 1:26-cv-463 (W.D. Mich.). In *Guerrero Nieto I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Guerrero Nieto I*, (W.D. Mich. March 9, 2026), (ECF Nos. 10, 11).

On March 13, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.1.) At the conclusion of the hearing, the Immigration Judge (IJ) denied Petitioner's request for bond because, "The burden of proof lies with the [Petitioner] to establish eligibility for bond and individuals must demonstrate they do not pose a danger or flight risk." (Order of the IJ, ECF No. 1-1, PageID.10.)

## III.   Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21,

2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.     Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      April 21, 2026                               /s/ Jane M. Beckering
                                                         Jane M. Beckering
                                                         United States District Judge

3